**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DWAN HETRICK,**

    **Plaintiff,**

**vs.**                                                     **Case No. 5:08cv272-SPM/WCS**

**ESPIDIDO M. SALVADOR, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, has filed a motion to amend his complaint, doc. 46, a copy of the proposed second amended complaint, doc. 47, and a response, doc. 45, to the motion to dismiss filed by Defendants Mathers and Salvador, doc. 33. That motion is ready for a ruling.

Pursuant to FED. R. CIV. P. 15(a), a party may "amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." For purposes of Rule 15, "the term 'responsive pleading' does not include such filings as a motion to dismiss or a motion for summary judgment." Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000), *citing* Burns v. Lawther, 53 F.3d 1237, 1241 (11th Cir. 1995); 6 Wright & Miller, Federal Practice and Procedure § 1479

and n. 10.  Leave of court is required because this is not the first amendment to the complaint.  Under Fed.R.Civ.P. 15(a), leave of court "shall be freely given when justice so requires."

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

<u>Shipner v. Eastern Air Lines, Inc.</u>, 868 F.2d 401, 407 (11th Cir. 1989).

Here, a substantial reason to deny the proposed amended pleading exists.  Plaintiff has sought to add a Defendant in this action, Defendant J. Scott Thayer, but Plaintiff's proposed complaint contains only one sentence naming Defendant Thayer.  Doc. 47, ¶ 22.  There, Plaintiff alleges:

> Consults a Medical Reception Center (R.M.C.) Lake Butler have been thwarted by the physician advisor committee chairman, J. Scott Thayer, R.M.E.D. without any physical review and in spite of other medical caregivers (e.g. Salvador) who have referred Plaintiff for further care.

Doc. 47, ¶22.  These allegations are not sufficient to state what the Defendant did that Plaintiff believes "thwarted" either medical care or a diagnosis or treatment.  Presumably, Plaintiff is alleging that this Defendant denied a request for a consultation, but it is not known what the request was for or when it was denied.  Plaintiff must clearly allege facts against a named Defendant which identifies what the Defendant did or did not do, when that action or omission occurred, and what harm was suffered as a result.

The motion to amend, doc. 46, should be again denied without prejudice because the proposed second amended complaint fails to state a claim against the additional Defendant.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to amend the complaint, doc. 46, be **DENIED without prejudice** because the proposed second amended complaint, doc. 47, fails to state a claim upon which relief may be granted as to the newly added Defendant, and the case be **REMANDED** to me for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 17, 2009.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**