**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**


**DWAN HETRICK,**

      **Plaintiff,**

**vs.**                            **Case No. 5:08cv272-SPM/WCS**

**ESPIDIDO M. SALVADOR, et al.,**

      **Defendants.**

_____/


**SECOND REPORT AND RECOMMENDATION**[1]

      Defendants Mathers and Salvador filed a motion to dismiss, doc. 33, raising

several defenses to the amended complaint brought by the *pro se* Plaintiff, doc. 9.

Defendants assert that Plaintiff failed to exhaust administrative remedies as to the claim

against Mathers, and they claim entitlement to Eleventh Amendment immunity and

qualified immunity.  Doc. 33, p. 1.  Plaintiff was directed to file a response to the motion.

Doc. 34.  The motion was construed solely as a motion to dismiss, not a motion for

summary judgment, despite the presence of exhibits.  Plaintiff was permitted to respond

to the motion with exhibits as needed, and was provided with a meaningful opportunity

---

[1] The first report and recommendation dealt only with Plaintiff's motion to amend, doc. 46.

to oppose the motion to dismiss, especially considering the extended time provided to

him.  *See* docs. 34, 38.  Although I have just recently entered a report and

recommendation on Plaintiff's motion to amend, doc. 46, there is no need to delay ruling

on the instant motion to dismiss as it raises questions of law that should be decided

now.

**Exhaustion of claims as to Defendant Mathers**

Defendant Mathers asserts that Plaintiff failed to exhaust administrative remedies

as to the claim against him, doc. 33.  Defendant contends that Plaintiff's grievances

were submitted concerning his medical issue (a hernia), but Plaintiff did not complain

about being ordered by Defendant Mathers to carry the 35-gallon food container.  *Id.*, at

9.  Defendant argues that dismissal is appropriate because Plaintiff "failed to describe in

his grievances any issue relating to his job assignment or [Defendant] Mathers' role

relating to that job assignment . . . ."  *Id.*

The exhibits produced by Defendants have been reviewed, and they contain no

complaints about Plaintiff's job assignment, work duties, or any other assertions of facts

that would involved Defendant Mathers.  Indeed, in response to the motion, Plaintiff

concedes as much when he asserts that the "grievance procedure is an on going

process and grievances . . .  are still being processed."  Doc. 45, p. 6.  Plaintiff contends

his grievances "against [Defendant] Mathers shall be completed well before this action

goes to trial."  *Id.*

When the Prison Litigation Reform Act was enacted, Congress mandated that

"[n]o action *shall be brought* with respect to prison conditions under section 1983 of this

title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a) (emphasis added) . The exhaustion requirement of § 1997e(a) is

mandatory, whether the claim is brought pursuant to § 1983 or Bivens.  Alexander v.

Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998).  The exhaustion requirement of §

1997e(a) is not jurisdictional, however.  Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th

Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct.

2378, 2392, 165 L.Ed.2d 368 (2006)).  There is no discretion to waive this requirement

or provide continuances of prisoner litigation in the event that a claim has not been

exhausted prior to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534

U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion

requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some

other wrong.").  "Requiring exhaustion allows prison officials an opportunity to resolve

disputes concerning the exercise of their responsibilities before being haled into court."

Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007)[2].

Here, Plaintiff did not exhaust his claim challenging the actions of Defendant

Mathers, who directed Plaintiff's work assignment.  Plaintiff did not file any grievance

*before* filing this case and, thus, the claim is not exhausted.  If Plaintiff is now pursuing

exhaustion of that claim, that does not comply with § 1997e(a).  Proper exhaustion must

be completed before filing a lawsuit.  Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378,

---

[2] The Court further rejected the view of the Sixth Circuit when it concluded that "nothing in the statute [§ 1997e(a)] imposes a 'name all defendants' requirement." Jones v. Bock, 549 U.S. at 217-219, 127 S.Ct. at 922-923 (concluding "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").

2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements). Even if a grievance is initially denied as untimely, a prisoner must appeal the denial of the grievance. If one claim is unexhausted, the Court may separate that claim out and proceed on only those claims that have been exhausted. Jones, 549 U.S. at 223, 127 S.Ct. at 925 (rejecting a "total exhaustion rule" and requiring dismissal only of those unexhausted "claims," not an entire "action."). Plaintiff's claim against Defendant Mathers should be dismissed for failure to exhaust.

**The motion to dismiss the medical claim against Defendant Salvador**

### Standard of review

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that dismissal should not be ordered unless it appears beyond doubt that plaintiff could prove "no set of facts" in support of his claims which would entitle him to relief). The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief

beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S.Ct. at 1964-65.

The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). *Pro se* complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966.

"In reviewing a motion to dismiss based on qualified immunity, the district court is required to accept the factual allegations in the plaintiff's complaint as true and draw all reasonable inferences in favor of the plaintiff." Wilson v. Strong, 156 F.3d 1131, 1133 (11th Cir. 1998), *citing* Nolan v. Jackson, 102 F.3d 1187, 1190 (11th Cir. 1997). The only issue, therefore, is whether "plaintiff's allegations set forth a violation of a clearly established constitutional right." Wilson, 156 F.3d at 1133.

**Alleged failure to state a claim against Defendant Salvador**

Defendant Salvador argues that Plaintiff has failed to state a claim upon which relief may be granted. Doc. 33, pp. 9-10. Defendant contends Plaintiff simply "disagrees with the type of treatment ordered for his abdominal hernia," but that a difference of opinion concerning medical treatment is insufficient to state a constitutional claim. *Id.*, at 10.

Plaintiff's amended complaint alleged that Defendant Salvador, a physician, examined Plaintiff and diagnosed him with an abdominal hernia. *See* doc. 9, p. 6. Plaintiff alleged that Defendant Salvador received no medication for pain. *Id.* Plaintiff did receive passes for "no lifting, pushing, pulling over 10 lbs." *Id.* Plaintiff contends he was initially given an abdominal support, but Defendant Salvador said "it was bad for plaintiff health" [sic] and the support was taken away. *Id.* Plaintiff further alleged that the Doctor (Defendant Salvador) knew that the Hernia was inherently dangerous, and life-threatening and that doctor acknowledged that prisoner needed corrective surgery. *Id.* Plaintiff alleges that despite that knowledge, Defendant Salvador "refused to send Plaintiff to a specialist, or order the surgery." *Id.* Plaintiff further alleges Defendant Salvador has been "deliberately indifferent" to his needs and Plaintiff has been suffering "extream [sic] pain" but not given any medication. *Id.*, at 7.

Deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The concept of deliberate indifference must be more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm. <u>Farmer v. Brennan</u>, 511 U.S. 1216,

114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994).  Subjective recklessness, as defined

in criminal law, is the standard which must be shown for an official's actions to rise to

the level of deliberate indifference.  *Id.*  Combining the standards from Farmer and

Estelle, there are four requirements necessary to state a claim: "an objectively serious

need, an objectively insufficient response to that need, subjective awareness of facts

signaling the need, and an actual inference of required action from those facts."  Taylor

v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077 (2001).

The Eleventh Circuit has recognized that "[g]rossly incompetent or inadequate care can

constitute deliberate indifference . . . as can a doctor's decision to take an easier and

less efficacious course of treatment."  Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir.

1989), *citing* Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986); McElligott v.

Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

      Medical malpractice does not constitute deliberate indifference.  Estelle, 429 U.S.

at 106, 97 S. Ct. at 292.  "Nor does a simple difference in medical opinion between the

prison's medical staff and the inmate as to the latter's diagnosis or course of treatment

support a claim of cruel and unusual punishment."  Harris v. Thigpen, 941 F.2d 1495,

1505 (11th Cir. 1991), *citing* Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

In Estelle, the prisoner received treatment for his back injury (bed rest, muscle relaxants

and pain relievers), but complained that more should have been done in the way of

diagnosis, such as an X-ray or other tests.  The Court rejected this as a basis for

liability:

> But the question whether an X-ray--or additional diagnostic techniques or
> forms of treatment--is indicated is a classic example of a matter for

medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293.

Furthermore, it must be recognized that Eighth Amendment claims are judged in light of "the evolving standards of decency that mark the progress of a maturing society," Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992), and consider whether a prisoner has been subjected to the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 103-104, 97 S. Ct. at 290-291.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson, 503 U.S. at 9, 112 S. Ct. at 1000, *citing* Estelle, 429 U.S. at 103-104, 97 S. Ct. at 290-291; Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994).

A " 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994), quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H. 1977).  As alleged, Plaintiff's abdominal hernia demonstrates a "serious medical need" and Plaintiff has met that first element.  Plaintiff alleged that Defendant Salvador was aware of the need for surgery, but refused to send Plaintiff for surgery.  Plaintiff also alleges he was in pain and needed medication that was not provided.

On its face, the complaint has alleged sufficient facts to state a claim against Defendant Salvador.  The allegations must be accepted as true on a motion to dismiss.

**Qualified Immunity for Defendant Salvador**

Defendant Salvador also raises qualified immunity as a defense to the claims brought against him in his individual capacity.  Doc. 33, p. 11.  Qualified immunity protects a government official who was performing discretionary functions from an award of civil damages in his official capacity unless the official violated "clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).  "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  Pearson v. Callahan, – U.S. –, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009).

Qualified immunity is not appropriately granted if there is a genuine dispute about material facts or when "viewing the evidence most favorably to the plaintiff the law applicable to that set of facts was not already clearly enough settled to make the defendants' conduct clearly unlawful."  Johnson v. Breeden, 280 F.3d 1308, 1317 (11th Cir. 2002); Holmes v. Kucynda, 321 F.3d 1069 (11th Cir. 2003).  Thus, "[w] Where it is not evident from the allegations of the complaint alone that the defendants are entitled to qualified immunity, the case will proceed to the summary judgment stage, the most typical juncture at which defendants entitled to qualified immunity are released from the threat of liability and the burden of further litigation."  Johnson, 280 F.3d at 1317.

Not responding to complaints of pain is an Eighth Amendment violation and qualified immunity is unavailable.  McElligott v. Foley, 182 F.3d 1248, 1257 (11th Cir. 1999) (recognizing that failure to treat pain when relief is available is deliberate indifference).  The motion to dismiss should be denied on this basis.

**Eleventh Amendment immunity**

Defendants assert that to the degree Plaintiff seeks monetary damages from Defendants in their official capacity, they invoke Eleventh Amendment immunity.  Doc. 33, p. 11.  It is well established that the Eleventh Amendment is an absolute bar to a § 1983 suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974); Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985); Gamble v. Florida Dept. of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986).  Congress has not abrogated a state's immunity in enacting § 1983, Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), neither has Florida waived its Eleventh Amendment sovereign immunity and consented to suit in federal court under § 1983. Gamble, 779 F.2d at 1520.  The motion to dismiss should be granted as to a claim for monetary damages against Defendant Salvador in his official capacity.

**Conclusion**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss Plaintiff's amended complaint, doc. 3, be **GRANTED in part and DENIED in part;** (1) the claims against Defendant Mathers should be **DISMISSED** for

Plaintiff's failure to exhaust administrative remedies and (2) the claims for monetary damages against Defendant Salvador in his official capacity should be **DISMISSED** pursuant to Eleventh Amendment Immunity.  The motion to dismiss should be **DENIED** on the basis that Plaintiff has sufficiently state a claim and qualified immunity is not available.

It is further **RECOMMENDED** that the case be **REMANDED** to me for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 18, 2009.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**