**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**


**DWAN HETRICK,**

      **Plaintiff,**

**vs.**                         **Case No. 5:08cv272-SPM/WCS**

**ESPIDIDO M. SALVADOR,
M.J. INGRAM, and
DR. RONALD SOLORZANO-PALLAIS
J. SCOTT THAYER,**

      **Defendants.**

_____/


**O R D E R**

      The *pro se* Plaintiff's third amended complaint was brought against three

Defendants in both their official and individual capacities.  Doc. 63, p. 20.  A notice was

filed on April 14, 2010, advising that Dr. J. Scott Thayer died, doc. 71.  That notice was

overlooked at the time I entered an order directing service on Defendant Thayer on May

6, 2010.  Doc. 76.  When it was discovered that the notice had been filed the previous

month, I directed Plaintiff to state his intentions as to that Defendant.  Doc. 78.  In

response, Plaintiff has filed a motion for substitution, doc. 87, and Defendant Salvador

filed a notice advising of Dr. Thayer's successor for the official capacity claim.  Doc. 85.

The official capacity claim brought against Dr. Thayer will continue against Dr. Ronald Solorzano-Pallais pursuant to Rule 25(d).  Under FED. R. CIV. P. 25(d), a claim "does not abate when a public officer who is a party in an official capacity dies . . . ."  Instead, that persons's "successor is automatically substituted as a party."  *Id.*

Plaintiff's motion for substitution of parties, doc. 87, presents several problems.  Plaintiff does not provide any person to be substituted for Defendant Salvador in his individual capacity.  No further action can be taken for Plaintiff and the motion must be denied.

Additionally, Plaintiff complains of the obstacles which stand in his way as an incarcerated *pro se* litigant.  Those problems are acknowledged, but no remedy is available.  If Plaintiff desires the presence of counsel, he may seek an attorney to represent him.  However, as stated previously in the order denying Plaintiff's motion requesting the appointment of counsel, doc. 23, the presence of counsel is not warranted.  Plaintiff is ale to pursue his claims on the merits concerning the denial of surgery for his hernia.

Finally, Plaintiff continues to file documents in which he states the document is presented "through and by proxy assistance."  On the final page of the document, Plaintiff signs it and then writes "filed by proxy assistant."  Doc. 87, p. 8.  Plaintiff may have assistance in drafting his documents; however, Plaintiff may not be represented by a person who is not a licensed attorney and admitted to the Bar of this Court.  Plaintiff shall not continue with the practice of indicating his document is being prepared and filed on his behalf by some other, unidentified person.  Plaintiff is held responsible for all documents filed, and his signature must bear that obligation.

At this point, it appears that Plaintiff's claims against Defendant Thayer may continue only in that Defendant's official capacity, Dr. Solorzano-Pallais is substituted for that claim against former Defendant Thayer.  The parties shall add this Defendant's name in the case style and title.

Plaintiff was previously advised that under Rule 25(a), he has just 90 days to determine the personal representative of the Defendant and file an appropriate motion for substitution.  That deadline, July 13, 2010, is fast approaching.  An "estate" is not an appropriate representative, and no assistance can be provided to Plaintiff.

Accordingly, it is

**ORDERED:**

1.  The Clerk of Court shall add Dr. Ronald Solorzano-Pallais as a Defendant in this case pursuant to Under FED. R. CIV. P. 25(d), in his official capacity only.

2.  Plaintiff shall have until **July 13, 2010**, to advise whether he will voluntarily dismiss his claim against Dr. Thayer in his individual capacity, or if he has determined a personal representative to pursue the claim, Plaintiff must file a motion for substitution on that date.

3.  Plaintiff's instant motion for substitution of parties, doc. 87, is **DENIED**, because Plaintiff has not named a person who should be substituted for Dr. Thayer.

4.  Plaintiff shall immediately file a notice to the Clerk's Office in the event that his address changes or he is transferred or released from custody.

5.  **Plaintiff's failure to comply with this Court order will result in a recommendation of dismissal of Plaintiff's individual capacity claim against Dr. Thayer.**

6.  The Clerk of Court shall return this file to me upon receipt of Plaintiff's response to this order or no later than July 13, 2010.

**DONE AND ORDERED** on July 2, 2010.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**