**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DWAN HETRICK,**

      **Plaintiff,**

**vs.**                          **Case No. 5:08cv272-SPM/WCS**

**ESPIDIDO M. SALVADOR,
M.J. ENGRAM, and
DR. RONALD SOLORZANO-PALLAIS,**

      **Defendants.**

_____/

**FOURTH REPORT AND RECOMMENDATION[1]**

Defendant Engram filed a motion for summary judgment on August 2, 2010.

Doc. 95. Plaintiff was directed to file a rely to that motion and advised of his obligation

---

[1] The first report and recommendation denied one of Plaintiff's motions to amend, doc. 48, and the second report and recommendation granted in part an earlier motion to dismiss filed by Defendant Mathers, doc. 49; *see* doc. 55. A third report and recommendation, doc. 99, dismissed Plaintiff's individual capacity claim against Defendant Thayer, who is deceased, but the official capacity claim against Dr. Thayer continues against Dr. Ronald Solorzano-Pallais who was automatically substituted under Rule 25(d) as the successor. *See* docs. 99, 105. Remaining is an official capacity claim against Defendant Solorzano-Pallais, an individual capacity claim again Defendant Salvador, *see* docs. 49 and 55, and Plaintiff's claims against Defendant Engram.

to do so under Rule 56. Doc. 104. Plaintiff filed his response to Defendant Engram's

motion on November 22, 2010. Doc 119. The motion is ready for review.

**Legal standards governing a motion for summary judgment**

On a motion for summary judgment Defendants initially have the burden to

demonstrate an absence of evidence to support the nonmoving party's case. Celotex

Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d

265 (1986). If they do so, the burden shifts to Plaintiff to come forward with evidentiary

material demonstrating a genuine issue of material fact for trial. *Id.* An issue of fact is

"material" if it could affect the outcome of the case. Hickson Corp. v. Northern

Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). Plaintiff

must show more than the existence of a "metaphysical doubt" regarding the material

facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S.

574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is

insufficient. The court must decide "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260, *quoting* Anderson v.

Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986). All

reasonable inferences must be resolved in the light most favorable to the nonmoving

party, Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999), if there is a

genuine dispute as to those facts. Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769,

167 L.Ed.2d 686 (2007), *cited in* Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009).

"Where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no genuine issue for trial." Matsushita Elec. Industrial Co.,

475 U.S. at 587 (internal quotation marks omitted), *quoted in* <u>Ricci v. DeStefano</u>, 129 S.Ct. at 2677.

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " <u>Owen v. Wille</u>, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  <u>Owen v. Wille</u>, 117 F.3d at 1236; <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553.

**Allegations of the Complaint, doc. 63**

Plaintiff alleges that he was ordered to move a 35-gallon trash can filled with "swill."  Doc. 63, p. 6.  While moving the can, Plaintiff felt a "tearing of tissue within his stomach" and was in immediate, excruciating pain.  *Id.*, at 7.  Plaintiff suffered a hernia, and was given treatment the next morning at sick call.  *Id.*, at 8.  Plaintiff contends that his pain was ignored, that he was not provided the proper equipment to move excessive weight and has not been given surgery for the hernia.  Doc. 63.  As relief, Plaintiff seeks monetary damages and surgery.  *Id.*, at 22.

**Defendant Engram's motion, doc. 95**

In Defendant Engram's motion for summary judgment, he asserts that he is not responsible for providing medical care to Plaintiff.  Doc. 95, p. 3.  Defendant Engram points out that Plaintiff admitted in his deposition that neither Defendant Engram or his

employer, Aramark Correctional Services, were responsible for providing Plaintiff "with medical care and could not require the Department of Corrections to provide him with treatment for his medical condition." Doc. 95, p. 3, *citing* to doc. 95-1, pp. 6-7 (Plaintiff's deposition). Defendant states that Aramark is a food services company under contract with the Department of Corrections to provide meals. Doc. 95, p. 3.

Defendant Engram also moves for summary judgment because Plaintiff failed to exhaust administrative remedies. *Id.*, at 4-5. Defendant points to evidence in Plaintiff's deposition where he acknowledges he "did not file a grievance related to anything that Defendant Engram did or did not do in this case." *Id.*, at 5.

Defendant Engram attached relevant portions of Plaintiff's deposition to the motion. Doc. 95-1. It was asserted at the deposition that no grievances were seen where Plaintiff complained about being ordered "to lift or move the bucket" of swill. Doc. 95-1, p. 2. Plaintiff answered, "No, sir." *Id.* Then Plaintiff was asked, "Did you file a grievance about the order to lift or move the bucket?" Plaintiff answered, "No, sir." *Id.* When asked why he had not grieved that issue, Plaintiff said, "I don't know." *Id.*, at 3.

Defendant Engram submitted his affidavit and states that on March 28, 2008, he was employed by Aramark to "work in the food services area of Calhoun Correctional Institution through a contract with the Florida Department of Corrections." Doc. 95-2, p. 1. Defendant avers that at no point in time was he "responsible for determining the necessity of medical treatment or care for any inmate at Calhoun Correctional Institution, including" the Plaintiff. *Id.*, at 1-2. Defendant states that he did not have the "authority to require Calhoun Correctional Institution or the Florida Department of

Corrections to provide medical treatment or services to any inmate, including" the Plaintiff. *Id.*, at 2.

Plaintiff, in response,[2] states that on March 19, 2008, he was "ordered" by Defendant Engram and former Defendant Mathers to "move the 35 gallon can filled with food waste in excess of 300 pounds." Doc. 119, p. 1. Plaintiff says that the hand dollies were unusable, "with flat tires and bent axles." *Id.* Plaintiff was ordered to move the "swill bucket" out the back door of food service, which was approximately 35 feet. Doc. 119. Plaintiff felt the pain and doubled over, declaring a medical emergency. *Id.*, at 2. Plaintiff states that Defendant Engram and former Defendant Mathers "never notified medical staff of" his injury. *Id.*, at 2. Plaintiff also claims Defendant Engram was negligent to his health and safety in ordering Plaintiff to "move such weight without a weight belt or a handcart . . . ." *Id.*

**Analysis**

Defendant Engram has raised the same argument as was previously litigated by Defendant Mathers: that Plaintiff failed to exhaust administrative remedies as to being directed to move the can and that Plaintiff only grieved the issue of his medical care. *See* doc. 33. Defendant Mathers had presented copies of Plaintiff's grievances with that motion, doc. 33-2, which I already concluded were sufficient to demonstrate that Plaintiff did not exhaust his claims about being ordered to carry the 35-gallon food container, lack of proper equipment to move the container, and the like. Docs. 49, 55. Defendant Engram presents the same argument in the instant motion, doc. 95, and Plaintiff does

____

[2] Plaintiff's response is argument only and Plaintiff has not presented any evidence. Doc. 119.

not dispute that argument.  Indeed, the evidence by Defendant Mathers from Plaintiff's deposition confirms that Plaintiff did not submit any grievances concerning Defendant Engram's involvement in Plaintiff's claims.

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action *shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added) . The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)).  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").  "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007).

Here, Plaintiff did not exhaust his claims challenging the actions of Defendant Engram who alleged directed Plaintiff's work assignment.  The only evidence before me

is that Plaintiff acknowledges that he did not submit grievances about being ordered to move the swill bucket, doc. 95-1, and dismissal of the claim against Defendant Engram is appropriate. Because Defendant Engram does not provide medical care to Plaintiff, he cannot be held responsible for the medical treatment Plaintiff received. All of Plaintiff's claims against Defendant Engram should be dismissed.

Where one claim is unexhausted, the Court may separate that claim out and proceed on only those claims that have been exhausted. Jones, 549 U.S. at 223, 127 S.Ct. at 925 (rejecting a "total exhaustion rule" and requiring dismissal only of those unexhausted "claims," not an entire "action."). Plaintiff's claim against Defendant Engram should be dismissed, but the other claims concerning Plaintiff's medical care should be permitted to continue.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Engram's motion for summary judgment, doc. 95, be treated as a motion to dismiss[3] and be **GRANTED** as Plaintiff failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) as to any of his claims against Defendant Engram.

**IN CHAMBERS** at Tallahassee, Florida, on January 25, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Factual disputes concerning the exhaustion of administrative remedies may be decided by reviewing attached exhibits as exhaustion is treated as a "matter in abatement and not generally an adjudication on the merits." Bryant v. Rich, 530 F.3d 1368, 1373-74, 1376 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008).

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.