**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**


**DWAN HETRICK,**

     **Plaintiff,**

**vs.**                            **Case No. 5:08cv272-SPM/WCS**

**ESPIDIDO M. SALVADOR,
M.J. ENGRAM, and
DR. RONALD SOLORZANO-PALLAIS,**

     **Defendants.**

_____/


## FIFTH REPORT AND RECOMMENDATION[1]

Defendants Salvador and Solorzano-Pallais filed a motion for summary

judgment.  Doc. 111.  Plaintiff was directed to file a reply, doc. 115, and provided

---

[1] The first report and recommendation denied one of Plaintiff's motion to amend, doc. 48, and the second report and recommendation granted in part an earlier motion to dismiss filed by Defendant Mathers, doc. 49; *see* doc. 55.  A third report and recommendation, doc. 99, dismissed Plaintiff's individual capacity claim against Defendant Thayer, who is deceased, but the official capacity claim against Dr. Thayer continues against Dr. Ronald Solorzano-Pallais who was automatically substituted under Rule 25(d) as the successor.  *See* docs. 99, 105.  I recently entered a fourth report and recommendation as to the motion for summary judgment, doc. 95, filed by Defendant Engram.  Remaining is an official capacity claim against Defendant Solorzano-Pallais, an individual capacity claim again Defendant Salvador, *see* docs. 49 and 55, and Plaintiff's claims against Defendant Engram.

guidance in his obligation under Rule 56 to respond to the motion. Doc. 116. Plaintiff

filed his response on November 15, 2010. Doc. 117. The motion is ready for a ruling.

**Legal standards governing a motion for summary judgment**

On a motion for summary judgment Defendants initially have the burden to

demonstrate an absence of evidence to support the nonmoving party's case. Celotex

Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d

265 (1986). If they do so, the burden shifts to Plaintiff to come forward with evidentiary

material demonstrating a genuine issue of material fact for trial. *Id.* An issue of fact is

"material" if it could affect the outcome of the case. Hickson Corp. v. Northern

Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). Plaintiff

must show more than the existence of a "metaphysical doubt" regarding the material

facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S.

574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is

insufficient. The court must decide "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260, *quoting* Anderson v.

Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986). All

reasonable inferences must be resolved in the light most favorable to the nonmoving

party, Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999), if there is a

genuine dispute as to those facts. Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769,

167 L.Ed.2d 686 (2007), *cited in* Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009).

"Where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no genuine issue for trial." Matsushita Elec. Industrial Co.,

475 U.S. at 587 (internal quotation marks omitted), *quoted in* <u>Ricci v. DeStefano</u>, 129 S.Ct. at 2677.

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " <u>Owen v. Wille</u>, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). <u>Owen v. Wille</u>, 117 F.3d at 1236; <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553.

**Allegations of the Complaint, doc. 63**

Plaintiff was injured after being ordered to move a 35-gallon trash can filled with "swill." Doc. 63, p. 6. While moving the can, Plaintiff felt a "tearing of tissue within his stomach" and was in immediate, excruciating pain. *Id.*, at 7. Plaintiff suffered a hernia, and was given treatment the next morning at sick call. *Id.*, at 8. Plaintiff contends that his pain was ignored, that he has not been provided proper medical treatment, that he has been denied surgery for the hernia, and Defendants are deliberately indifferent to his serious medical needs. Doc. 63. As relief, Plaintiff seeks monetary damages and surgery. *Id.*, at 22.

**Defendants Salvador and Solorzano-Pallais' summary judgment motion, doc. 111**

Defendant Salvador is a Physician's Assistant (clinical associate) employed by the Florida Department of Corrections and assigned to Calhoun Correctional Institution.

Doc. 111, p. 1. Defendant Solorzano-Pallais [hereinafter "Solorzano"], a physician, is the Regional Medical Director for the Department of Corrections, Region II. Doc. 111, p. 1. Defendant Solorzano is sued only in his official capacity and was substituted for former Defendant Thayer.

Plaintiff entered the Department's custody on October 4, 2007. Doc. 111, p. 3; Ex. A.[2] On October 22, 2007, a Health Information Transfer or Arrival Summary was completed for Plaintiff upon transferring from the South Florida Reception Center to Calhoun Correctional Institution. Exhibit B. That Summary notes that Plaintiff was being treated for an umbilical hernia. Doc. 111, p. 3; Ex. B. Plaintiff was taking 800-mg of Ibuprofen at that time. *Id.* The Summary indicates that Plaintiff had no current medical, dental, or mental health complaints at that time, had no job or housing restrictions, and had no restriction passes. Ex. B, p. 2. Plaintiff was first assigned as a Houseman at Calhoun Correctional Institution, and on January 11, 2008, he was assigned to work in the Food Service Department. Doc. 111, p. 3; Ex. D.

Plaintiff reported to sick call on March 20, 2008, and was examined by Nurse Mathews. Doc. 111, p. 3; Ex. E. Plaintiff complained of mild abdominal pain, and said, "I have a hernia above my belly button," which he said he had had for one year. Doc. 111, p. 4; Ex. E. The Abdominal Pain Assessment recorded Plaintiff's description of his pain as "mild" and the only medication listed was Motrin. *Id.* Nurse Mathews' examination revealed normal vital signs, with his abdomen being noted as soft, distended, and "small to umbilicus." *Id.* The "Plan" section notes that Plaintiff should

---

[2] All exhibits referenced are attached to the summary judgment motion, doc. 111. Plaintiff did not provide any documentary evidence with his response, doc. 117.

use a stool softener, and states that Plaintiff was issued passes for no lifting, no work, no sports, and a bottom bunk pass. *Id.* Plaintiff was to be referred to the doctor, but he was to return to the clinic as soon as possible if he had "any problems." *Id.*

Plaintiff was seen again in the Medical clinic on March 30, 2008, for complaints about his hernia, with the record again reflecting that Plaintiff had the hernia about one year. Ex. F, p. 1. Plaintiff complained that his hernia "started bulging more since working in kitchen" and he was "lifting heavy things." Doc. 111, p. 4; Ex. F, p. 1. The hernia was noted as "small supra umbilical hernia – reducible." *Id.* Plaintiff's abdomen was again found to be "soft and non tender," and Plaintiff was given a prescription for 100-mg Colace. *Id.* The Chronological Record of Health Care lists passes for low bunk, no pushing, pulling or lifting over ten pounds for three months. *Id.* Plaintiff was to have a follow-up appointment in a month, but to return if he had increased pain, or if there was a change in size or character of the hernia. *Id.*

Although Plaintiff sent an informal and formal grievance requesting to have a doctor look at his hernia on April 7 and 14, 2008, respectively, Plaintiff did not return until his follow-up visit on April 29, 2008, where he was examined for the first time by Defendant Salvador. Doc. 111, p. 4; Ex. F, p. 2. Defendant Salvador examined Plaintiff and concluded Plaintiff had a reducible ventral hernia. Ex. F, p. 2; Salvador affidavit. Plaintiff was told that the hernia could be reduced with minor life-style changes and he was instructed on proper exercise, advised to quit smoking to eliminate coughing (which could aggravate a hernia). *Id.* Defendant Salvador determined that the abdominal binding could be discontinued as it may "increase the probability of acid reflux." Doc. 111, pp.4-5; Ex. F, p. 2; Salvador affidavit.

On April 29, 2008, Defendant Salvador submitted a surgical consultation request to Dr. Scott Thayer, the Physician Advisor, who at the time made surgical eligibility determinations.  Doc. 111, p. 5; Ex. G, p. 1.  Defendant Salvador noted that Plaintiff had "developed a protruding mass" and complained of pain, and said he was unable to lift anything without pain."  Ex. G, p. 1.  The consult request noted Defendant Salvador's finding that it was a "palpable reducible midline abdominal mass" and the provisional diagnosis was "Ventral Hernia, Reducible."  Ex. G.  Dr. Thayer denied the surgical consult request on or about May 21, 2008, finding there was "no medical necessity" and stated that it was "unlikely to be causing claimed symptoms."  Ex. G, p. 2.  The denial noted that a reconsideration request could be filed at any time, and if it was felt that the "procedure/surgery [was] warranted, please resubmit the request with additional justification or discussion of the patients condition."  *Id.*  In doing so, the doctor was directed to address the comments of the Physician Advisor.  *Id.*

Plaintiff complained of being constipated on October 30, 2008, and sought re-evaluation of the ventral hernia.  Ex. H.  While being evaluated, Plaintiff demanded surgical correction of his hernia.  Ex. H.  Defendant Salvador submitted a second surgical request following the examination of Plaintiff.  Doc. 111, p. 5; Exhibits H, J. Again, Dr. Thayer found surgery was not medically necessary, and the second consult request was denied on December 21, 2008.  Doc. 111, p. 5; Ex. I.

Defendant Salvador submitted an affidavit in support of the summary judgment motion.  Ex. J.  He states that Plaintiff "had a mild reducible ventral hernia located at the middle of the abdomen."  Ex. J, p. 1.  "A reducible hernia is one that can be physically pushed back into the abdominal cavity with no pain."  *Id.*  Plaintiff was instructed on how

to do so, and "advised to quit smoking because coughing can aggravate a hernia condition." *Id.* Defendant Salvador concluded that the abdominal support Plaintiff had should "be discontinued because it may increase the probability of acid reflux" and Plaintiff was prescribed Zantac for 60 days. *Id.* Defendant Salvador denies ever telling Plaintiff "that 'the lifting of the swill bucket' caused the hernia" as alleged by Plaintiff. *Id.* While Defendant Salvador was examining Plaintiff, Plaintiff "expressed his desire to have his hernia surgically corrected, so at that time," Defendant Salvador completed a "routine surgical consult." *Id.* Defendant Salvador denies ever telling Plaintiff "that his hernia would require stitching." *Id.,* at 2.

Plaintiff requested to be examined again on October 30, 2008, for the hernia. Ex. J, p. 2. During the examination, Plaintiff again "demanded surgical correction." *Id.* Defendant Salvador noted that Plaintiff continued to smoke, despite being advised to quit, and at Plaintiff's "request [he] prepared a second request for a surgical consult which was subsequently denied on January 7, 2009, by Dr. Thayer." *Id.*

Defendant Salvador expressed his medical opinion that the advice given to Plaintiff "to reduce his hernia without surgery was adequate and appropriate." Ex. J, p. 2. Defendant Salvador stated that his requests for surgery were "based on [Plaintiff's] requests for surgery," and on both occasions, Plaintiff's "hernia was reducible." *Id.* Plaintiff's hernia was monitored by medical staff and Plaintiff could have returned to sick call if needed. *Id.*

Defendant Solorzano-Pallais also submitted his own affidavit in support of the summary judgment motion. Ex. L. Dr. Solorzano is a "licensed medical doctor currently employed by the Florida Department of Corrections as the Regional Executive Medical

Director of Region II." *Id.* Defendant Solorzano states that he agrees with Dr. Thayer's determinations that "there was no medical necessity for hernia surgery" at the time of the requests. *Id.* Plaintiff's "hernia remained reducible" and no additional information was provided to Dr. Thayer from Defendant Salvador to "indicate that surgery was medically necessary at the time of the second consultation request." *Id.*

**Analysis**

Plaintiff submitted only a memorandum of law in response to the motion for summary judgment. Doc. 117. The response is not signed under perjury such that it could be treated as an affidavit and, therefore, it is not Rule 56(e) evidence. While Plaintiff states that the records do not support Defendants' assertion that he had the hernia for over a year before the March 20, 2008, examination, doc. 117, that is incorrect. Exhibits B and C provide evidentiary support.

Plaintiff alleges he was injured by lifting heavy objects in the kitchen and his injury was "a direct proximate result of negligence." Doc. 117, p. 2. A claim for negligence or a lack of due care under the circumstances is insufficient to show a violation of the constitution. Davidson v. Cannon, 474 U.S. 344, 347, 106 S. Ct. 668, 671, 88 L. Ed. 2d 77 (1986). Additionally, neither of the two remaining Defendants were responsible for Plaintiff's work assignment and, even if they were, Plaintiff failed to exhaust administrative remedies as to that claim as explained in a prior report and recommendation.

### Eighth Amendment claim

Deliberate indifference to the serious medical needs of sentenced prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle

v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  A "'serious' medical

need is one that has been diagnosed by a physician as mandating treatment or one that

is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention."  Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th

Cir. 1994), quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H. 1977).  The

concept of deliberate indifference entails something more than negligence, but is

satisfied by something less than actions undertaken with an intent to cause harm.

Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994).  Subjective recklessness, as

defined in criminal law, is the standard which must be shown for an official's actions

to rise to the level of deliberate indifference.  Id. Deliberate indifference has been

described as a culpable state of mind of the defendant to unnecessarily and wantonly

inflict pain or harm to a prisoner by depriving him of a basic human need.  Wilson v.

Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).  Combining the

standards from Farmer and Estelle, the Eleventh Circuit has clarified that there are four

requirements to bringing an Eighth Amendment claim for the denial of medical care: "an

objectively serious need, an objectively insufficient response to that need, subjective

awareness of facts signaling the need, and an actual inference of required action from

those facts."  Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), cert. denied 531 U.S.

1077 (2001); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

Medical malpractice does not constitute deliberate indifference.  Estelle, 429 U.S.

at 106, 97 S. Ct. at 292.  "Nor does a simple difference in medical opinion between the

prison's medical staff and the inmate as to the latter's diagnosis or course of treatment

support a claim of cruel and unusual punishment."  Harris v. Thigpen, 941 F.2d 1495,

1505 (11th Cir. 1991), citing <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1033 (11th Cir. 1989).

*See also* <u>Johnson v. Stephan</u>, 6 F.3d 691, 692 (10th Cir. 1993).  In <u>Estelle</u>, the prisoner

received treatment for his back injury (bed rest, muscle relaxants and pain relievers),

but complained that more should have been done in the way of diagnosis, such as an

X-ray or other tests.  The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or
> forms of treatment--is indicated is a classic example of a matter of
> medical judgment.  A medical decision not to order an X-ray, or like
> measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293.  "An inmate who complains that delay in medical

treatment rose to a constitutional violation must place *verifying medical evidence* in the

record to establish the detrimental effect of delay in medical treatment to succeed." <u>Hill</u>,

40 F.3d at 1187, collecting cases in footnote 24 (emphasis added).

Plaintiff has come forward with no evidence to show that either Defendant was

deliberately indifferent to his needs for treatment of his hernia.  There is no dispute that

Plaintiff has a hernia, and that it is a reducible hernia.  For present purposes, it is

accepted that Plaintiff's hernia constitutes a serious medical need.  However, Defendant

Salvador was responsive to Plaintiff's complaints, and provided him with medical

treatment, medication for pain, and advice as to how to improve the condition.  The

evidence shows that two surgical consults were recommended by Salvador based on

Plaintiff's desire for surgery and not on a medical opinion that surgery was necessary.

There is no evidence that Plaintiff was in pain and not provided proper medical

treatment, or that he was denied needed treatment for improper fiscal concerns.

Plaintiff has not shown that he made repeated visits to sick call or the medical clinic

because he was in pain and distress. Indeed, the medical records note that on the few occasions when Plaintiff went to the clinic for his hernia, he complained of only "mild" pain. Plaintiff was prescribed only minimal pain medication (Ibuprofen and Motrin) which supports a finding that Plaintiff was not in great pain. There is no evidence that Defendants failed to treat Plaintiff's complaints of pain appropriately.

Plaintiff had also alleged that his abdominal support was taken away from him in violation of his Eighth Amendment rights, but the evidence reveals that the support was discontinued to alleviate discomfort, because it was believed to have been causing acid reflux. There is no evidence that the support was taken away to cause Plaintiff pain or discomfort.

In summary, Plaintiff has not shown that Defendants failed to provide appropriate medical treatment for his assumed serious medical need. It is undisputed that surgery was not medically required. Summary judgment should be granted in favor of these Defendants on all claims.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that the summary judgment motion, doc. 111, filed by Defendants Salvador and Solorzano-Pallais be **GRANTED** and judgment be entered for Defendants on all claims.

**IN CHAMBERS** at Tallahassee, Florida, on January 26, 2011.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


Case No. 5:08cv272-SPM/WCS

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.